**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JOSEPH E. DANIELS, #81564**                                                    **PLAINTIFF**

**VERSUS**                              CIVIL ACTION NO. 3:08-cv-585-TSL-JCS

**FRANK MELTON AND**
**MALCOM MCMILLAN**                                                              **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. The plaintiff Joseph E. Daniels, files this complaint pursuant to 42 U.S.C. § 1983 against Frank Melton and Malcom McMillan.

Background

Plaintiff states that he was arrested on November 1, 1994, and charged with possession of cocaine under arrest number 94-207866. Plaintiff claims that he was never indicted under this arrest number but under a separate arrest number (94-214514). Plaintiff states that all arrest numbers in the indictment that he did receive are consistent with arrest number 94-214514. Plaintiff alleges that since he was never indicted under arrest number 94-207866 and the indictment that he did receive, and was subsequently convicted under, was consistent with arrest number 94-214514, he was falsely arrested under arrest number 94-207866 and is entitled to monetary damages and arrest number 94-207866 being stricken from the record.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status Section 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

## Claims

"[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Because there is no federal statute of limitations for civil rights actions, the general personal injury limitations period for Mississippi applies. See Owens v. Okure, 488 U.S. 235, 249-50 (1989) (A federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42

U.S.C. § 1983.); Gates v. Walker, 865 F.Supp. 1222, 1230 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995). A civil action for false arrest is subject to the one-year statute of limitations governing intentional torts. Miss. Code Ann. § 15-1-35 (1972), as amended. Even though Mississippi law governs the applicable limitations period, federal law governs when a cause of action under § 1983 accrues. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). Under federal law "claims for false arrest accrue on the date of the arrest." Jones v. Fountain, 121 F.Supp.2d 571, 573 (citing Moore v. McDonald, 30 F.3d 616, 620-21(5th Cir. 1994)).

From the allegations of the complaint, it is clear that the plaintiff was aware of his injury on November 1, 1994. The limitation period expired on November 1, 1995. The plaintiff's claims accrued more than fourteen years prior to filing the present action on December 4, 2008, and are time-barred.

## Defendants

Further, there are no facts asserted that defendants Frank Melton and Malcom McMillan affirmatively participated in the acts that caused the alleged constitutional deprivation or that these defendants implemented unconstitutional policies that caused the plaintiff's injury. Mouille v. City of Live

3

Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992). Therefore, since the complaint is brought pursuant to 42 U.S.C. § 1983, defendants Frank Melton and Malcom McMillan cannot be held liable for the actions of an employee under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658 (1978). Consequently, for this additional reason, the plaintiff is unable to maintain this action against these defendants.

## Conclusion

As discussed above, the plaintiff is time barred and has failed to present a claim against these defendants which would entitle him to the requested relief. Therefore, this case will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii) with prejudice.

## Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[1] If the plaintiff receives

---

[1] 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

"three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with memorandum opinion and order will be entered.

SO ORDERED, this the  9th   day of January, 2009.


                            /s/Tom S. Lee
                            UNITED STATES DISTRICT JUDGE

---

        malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.